NOT DESIGNATED FOR PUBLICATION

No. 124,136

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID LEWIS BECK,
*Appellant*,

v.

CITY OF BLUE RAPIDS, KANSAS, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Marshall District Court; JAMES A. PATTON, judge. Opinion filed November 18, 2022. Affirmed.

*David Lewis Beck*, appellant pro se.

*Andrew J. Lohmann*, of Galloway, Wiegers & Brinegar, P.A., of Marysville, for appellees.

Before GARDNER, P.J., WARNER and COBLE, JJ.

PER CURIAM: David Lewis Beck appeals from the district court's denial of his petition for injunctive relief to prevent the City of Blue Rapids, Kansas, from removing nuisance conditions on his property. Beck asserts the district court erred in determining the conditions were nuisances. But those factual matters were undisputed at trial. Finding Beck has not shown the district court erred, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

For several years, the City of Blue Rapids (City) sought to abate public nuisances on Beck's property including dead trees, storm damage debris, inoperable vehicles, dilapidated buildings, trash, and other items. In 2018, Beck was cited for city code violations on his property. In August 2019, Beck was fined by the Blue Rapids Municipal Court for not abating the nuisance conditions. The municipal court deferred to the City Council (Council) to act. The City gave Beck notice to remove nuisance conditions on his property. When he did not do so, the matter was heard at a Council meeting.

On September 6, 2019, the Council was presented with pictures that showed piles of tree limbs, numerous old vehicles, damaged structures, and other items on the property. Beck was present at the hearing. The Council found the property in violation of the City's health and welfare code, specifically the health nuisance, environmental, and junked motor vehicles sections. The Council discussed whether to give Beck additional time to clean up the property. Ultimately, the Council passed a resolution ordering enforcement officers to abate or remove the conditions causing the violations at Beck's expense, if Beck did not remedy the conditions within 15 days of the publication of the resolution. The resolution stated that Beck could appeal the decision in the manner provided by K.S.A. 60-2101. At the meeting, the Council decided it would not "green light" the cleanup until after its next meeting on October 9, 2019, if Beck had not abated the nuisance conditions by that time. The Council instructed code enforcement officers to begin cleanup after the October 9, 2019 meeting.

On October 29, 2019, Beck filed a petition in the Marshall County District Court asking for an injunction to stop the City from taking action on his property. Beck stated he had a disability that made it difficult to do the work yet had made a lot of progress hauling away trees and dollying cars to another property. Beck contended he just needed

2

more time, and he could not afford to pay the City to do the work. Beck also objected to the City potentially tearing down his shed.

The City moved to dismiss the action, contending the district court did not have jurisdiction because the filing was a masked untimely appeal. Beck failed to timely appeal the City's action, although he had appeared at the Council hearing and acknowledged the public nuisance conditions. The City also argued Beck failed to meet the standard for injunctive relief as he could not establish that he had a right to maintain public nuisance conditions on his property.

Beck responded that his property was a constitutional homestead and the City's ordinance violated article 15, section 9 of the Kansas Constitution. He argued the City's threat to tear down his shed and trees, to impose a special assessment for the costs of the cleanup, and its "self help" procedures were unconstitutional.

The City replied that it had exercised its home rule powers granted to municipalities under article 12, section 5 of the Kansas Constitution to abate a public nuisance. The City also argued Beck had acquiesced by removing some of the inoperable vehicles from his property.

The district court held a hearing on the City's motion and to consider Beck's injunction request. Chris Flood, a code enforcement officer for the City of Blue Rapids Police Department, testified he first inspected Beck's property in February 2018. Flood gave Beck violation notices, but the condition of the property did not change. There was "a lot of junk deposited, couches, bicycles, lawnmowers, things of that nature" aside from the inoperable vehicles and storm debris. After being given the go ahead by the Council to clean up the property, Flood went back to inspect the property on October 17, 2019. Nothing had been cleaned up. Flood had one vehicle towed that day. He had a second

3

vehicle towed the next day. In the days after, Beck did remove some of his inoperable vehicles.

Flood returned on December 20, 2019, to photograph Beck's property. Flood testified the storm damage debris on Beck's property had gotten worse. Beck had not cleaned up his property except to remove some vehicles. Three vehicles remained. Flood observed piles of rubbish, gas cans, buckets, a couch, plastic bags of garbage, a trunk, dilapidated buildings, fallen trees, and the three vehicles. He also observed a squirrel inside Beck's house.

Beck presented no evidence. Beck, through counsel on a limited capacity for this constitutional issue only, argued there were constitutional limits to the City's authority to regulate nuisances. He argued the City could not put a lien on a homestead for the expense of abating the nuisances. The City argued the fact that a person has a homestead right does not give them the right to have a landfill dump in their backyard. The City had the right to keep the community safe and clean.

The district court applied the law on injunctive relief and ruled that (1) Beck failed to use the statutory remedy available to him—appealing the City's action, and (2) that an injunction would not be in the public interest because the condition of the property was unsanitary and unsafe. The court stated the City could assess taxes against Beck's property as provided by statute and ruled Beck was not entitled to an injunction. At the conclusion of the hearing, the district court purportedly granted the City's motion to dismiss, although our review of the record shows the district court denied the request for injunction on its merits. The district court filed its journal entry dismissing the application for injunction on February 7, 2020. On March 10, 2020, Beck filed a notice of appeal.

In June 2021, the City filed a motion in the district court to dismiss the appeal because Beck filed his notice of appeal out of time, Beck had not yet docketed his appeal,

and he had not requested a stay to prevent the cleanup of his property. The City contended that any appeal was moot because it had already cleaned up Beck's property and removed the nuisance conditions. It did not anticipate further work on Beck's property. The district court did not rule on the City's motion. Beck was granted leave to docket his appeal with this court.

Before appellate briefing began, the City filed a motion for involuntary dismissal with this court contending the appeal was moot. The City included an affidavit from Ryan Woodyard, Chief of Police, stating that as of November 2, 2020, all nuisance conditions on Beck's property had been abated. The City also argued Beck had acquiesced by removing some of the inoperable vehicles himself. The motions panel of this court denied the motion on present showing and briefing commenced.

ANALYSIS

In his brief, which is difficult to understand, Beck seems to present multiple arguments: The conditions on his property were not nuisances; he had trouble filing this appeal because of his inability to hear the district court proceedings; his previous attorney died; he faced difficulties with filings and obtaining transcripts due to the COVID-19 pandemic; and he suffered a car accident. He also contended the City removed items from his property while he was in the process of appealing.

The City argues Beck's appeal should be dismissed outright for violating Supreme Court Rule 6.02 (2022 Kan. S. Ct. R. at 35), because his brief failed to contain a statement of facts with appropriate citations to the record or any section containing argument and authorities relied on. The City further maintained the district court did not err by denying Beck's application for injunctive relief on its merits.

5

To obtain injunctive relief, the movant must show:  (1) a substantial likelihood of success on the merits; (2) a reasonable probability of irreparable future injury to the movant; (3) that an action at law will not provide an adequate remedy; (4) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause an opposing party; and (5) that the injunction, if issued, would not be against public interest. *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 619, 440 P.3d 461 (2019). At the trial level, the burden of proof in an injunction action is upon the party seeking the injunction. *Brown v. ConocoPhillips Pipeline Co.*, 47 Kan. App. 2d 26, 34, 271 P.3d 1269 (2012). Appellate courts review the granting or denial of an injunction for an abuse of discretion. *Downtown Bar and Grill v. State*, 294 Kan. 188, 191, 273 P.3d 709 (2012).

Many of Beck's arguments appear to be intended to mitigate any procedural problems with his appeal. Putting those aside, given that he was given permission by this court to appeal, he is left with his merit-based arguments that the conditions on his property were not nuisances and that the City removed items from his property while he was in the process of appealing. Beck does not present his previous constitutional homestead argument presented to the district court, so we do not consider it. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

At the district court hearing, Beck was given the opportunity to testify or present other evidence about the alleged nuisances on his property. Beck heard the court ask him to present his evidence. He chose not to. The City presented evidence of the nuisances, as described above. Beck did not cross-examine the City's witness. Rather, Beck commented that "a bunch of things he said were true. Some of them." The district court accordingly found that Beck's property posed a health and safety risk, and an injunction was not in the public interest. The district court found Beck was not entitled to an injunction because he had not shown it was necessary, given that a remedy at law existed through an appeal of the City's action, but he did not file one. And, the district court

6

found the City's actions were justified. As an appellate court, we do not make factual findings, but take the facts as found by the district court. Beck has presented us with nothing to demonstrate that the district court erred or abused its discretion in denying his property injunction request.

Beck's final argument appears to concede the City's contention that it has already cleaned up his property since the district court proceeding. An injunction to stop the City from doing what it has already done would serve no purpose. It is undisputed that Beck did not seek a stay of the district court's ruling to prevent the City from carrying out the cleanup.

Although the City presented the issue of mootness to both the district court and this court in initial filings, neither party addresses the issue in their briefs. Mootness is a matter of discretionary court policy and not a jurisdictional bar to the court's consideration of the matter. See *State v. Roat*, 311 Kan. 581, 466 P.3d 439 (2020). Although the City contends that the cleanup of Beck's property is complete, and he seems to agree, because this case is fully briefed before this court, and given the history between the parties, we choose to prudentially issue this decision. See *Roat*, 311 Kan. at 590 (quoting Chief Justice Rehnquist's concurrence in *Honig v. Doe*, 484 U.S. 305, 332, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988) ("'I believe that once this Court has undertaken a consideration of a case, an exception to that principle is just as much warranted as where a case is "capable of repetition, yet evading review."'")

Affirmed.